Charles R. GAFFNEY and Blanche R. Gaffney, Plaintiffs in Error,

v.

Robert M. JORDAN, Defendant in Error.

No. 36079.

Supreme Court of Oklahoma.

March 20, 1956.

Russell L. Morgan, Oklahoma City, for plaintiffs in error.

Ames, Daugherty, Bynum & Black, Oklahoma City, for defendant in error.

HALLEY, Justice.

Parties will be referred to according to their positions in the trial court.

The plaintiffs owned the surface and an undivided twenty acre interest in the minerals of a certain one-hundred and sixty acres of land in Logan County, Oklahoma. The defendant owned an oil and gas lease upon the land. Two oil wells had been completed on the premises and another was being drilled.

When the cause came on for trial the plaintiffs, because of the alleged negligent operations in the drilling for and the production of oil, sought to recover $195 for damage to their fences; (2) $2,000 for damage to the land, trees and other vegetation; (3) $5,000 for punitive damages. The defendant denied liability of any nature. The jury was permitted to view the premises by agreement of both parties. A demurrer to the evidence was sustained as to the claim for punitive damages. The verdict of the jury went for the defendant on each of plaintiffs' causes of action and judgment was entered thereon. From the trial court's refusal to grant a new trial the plaintiffs have appealed here and seek a reversal of the judgment on three grounds as follows: (1) Refusal of trial court to give plaintiffs' requested Instruction No. 5. (2) That the evidence did not sustain the jury's verdict and verdict was contrary to the undisputed evidence. (3) That the trial court erred in sustaining the demurrer to the plaintiffs' evidence on the cause of action for exemplary damages. We will discuss these propositions in the order set out.

As to the refusal to submit requested Instruction No. Five which is as follows:

"You are instructed that the measure of damages for fences and fence posts damaged or destroyed by a lessee, is the reasonable and necessary cost to replace or repair the fence and posts.",

we think that this error, if any, was harmless. By virtue of the general instructions the jury knew that it could allow the plaintiffs up to $195 for damage to the fence. The jurors after viewing the premises were evidently of the opinion that there was no damage to the fence. Since this requested instruction was substantially covered by the general instructions it was not error to refuse to give requested Instruction No. Five.

On the second ground for reversal plaintiffs claim there was no evidence to sustain a verdict for defendant but the defendant testified to what he had done to take care of the salt water and the jury saw the results and in effect found that there was no damage to the plaintiffs' property. When there is any competent evidence which reasonably sustains the jury's verdict we will not reverse a judgment based thereon.

The third ground plaintiffs set up as error is the refusal of the trial court to submit the question of punitive damages and they rely on the late case of Oden v. Russell, 207 Okl. 570, 251 P.2d 184. The record in the case at bar is devoid of any evidence that showed fraud, oppression, gross negligence or malice, actual or presumed and nothing from which malice could be inferred. However, in the Oden case, supra, there was evidence of wilful and malicious conduct of the defendants. The facts in the case here bring it in line with the facts and rule in Pure Oil Co. v.

Quarles, 183 Okl. 418, 82 P.2d 970. There was no error in sustaining the demurrer to this cause of action.

Judgment affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, DAVISON and JACKSON, JJ., concur.

BLACKBIRD, J., dissents.